**VAN ORDER, Admr. v COLUMBUS (city) and FRANKLIN (county)**

Ohio Appeals, 2nd Dist, Franklin Co
No. 1981. Decided March 12, 1931

Cowan, Adams & Cowan & G. H. Jackson, Columbus, for Van Order, Admr.

J. L. Davies, E. W. McCormick, and Baxter Evans, Columbus, for Columbus (city).

D. J. Hoskins and R. J. Bartlett, Columbus, for Franklin (county).

KUNKLE, J.

Do the facts set forth in the bill of exceptions present such a situation as would warrant the trial court in determining as a matter of law what constituted the proximate cause of the injury in question or should the question of determining what was the proximate cause of the accident and injury have been submitted to the jury under proper instructions of the court?

It appears from the bill of exceptions that on May 18, 1929, at about ten o'clock at night the deceased was killed when the Ford automobile, which he was driving, ran off the east side of the bridge over Dry Run on North Eureka Avenue. It further appears that it was from 15 to 17 feet from the road level to the creek below; that the sides of the bridge were entirely unguarded that James Van Order was driving south at a speed of about 15 miles per hour; that as his car reached the bridge another car going north was driven in such manner that it struck the front wheel of Van Order's car, that Van Order's car thereby turned abruptly to the left, and ran off the unguarded side of said bridge; that said car of Van Order landed in the bed of the stream upside down and by reason thereof James Van Order was killed.

It is admitted that there was no guard rail or other protection along the east side of the culvert. A careful examination of the testimony found in the bill of exceptions, especially that of the witness James C. Evans, who was an occupant of the car with James Van Order, discloses that as they were approaching the bridge the witness Evans noticed a red lantern at the side of the roadway and called Van Order's attention thereto; that Van Order applied the brakes and slowed up the car to something like 15 or 17 miles an hour; that their car was then struck by the other approaching automobile and in the nature of things this would tend to further reduce or slacken the momentum of the Van Order car. Was the trial court justified in finding that the absence of such barriers as are required to be maintained could not be considered under the circumstances disclosed by the evidence, as a proximate cause of the accident and the resultant death of James Van Order. During the oral argument counsel for defendants stressed with considerable force the claim that no barrier such as would have stopped this car is required to be maintained by either the city

or county authorities. We think it might be claimed under the circumstances disclosed by the record that a slight barrier might have prevented this car from going over the bridge into the creek below; at least we can not escape the conclusion but that when the reduced speed of the Van Order car is considered and the further necessary slackening of its speed by coming in contact with the other automobile that it becomes a question of fact for the jury rather than the trial court to determine whether the absence of an ordinary barrier might not have prevented the accident and its absence might not be considered as the proximate cause of the injury.

We have considered with care the very exhaustive briefs which have been filed by counsel and without quoting from the authorities in detail we are of opinion that the Ohio authorities support the claim of plaintiff in error that this was a question for the jury to determine rather than the trial court. Being of that opinion it follows that the judgment of the lower court must be reversed and cause remanded for such further proceedings as are provided by law.

ALLREAD and HORNBECK, JJ, concur.